■ ELMA BENNETT, Appellant, v TWIN PARKS NORTHEAST HOUSES, INC., Defendant, and GEMINI INVESTIGATIONS, INC., et al., Respondents. [722 NYS2d 135] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about April 13, 2000, which, in an action for personal injuries sustained in an assault allegedly caused by inadequate building security, granted plaintiff's motion for disclosure sanctions only to the extent of directing defendants-respondents to again search for and produce any newly discovered incident reports, logs, maintenance repair records and memos referring thereto, and directing defendant security company to appear for a continued deposition, unanimously affirmed, without costs.

In view of defendant security company's assertion that the incident reports of criminal activity sought by plaintiff but not produced were either accidentally lost or never existed in the first place, and its disclosure of portions of its security logs that, it claims, give a full account of criminal activity in the subject housing complex for the period that plaintiff had sought incident reports, plaintiff's motion for disclosure sanctions against the security company was properly denied with a direction that the security company search for and produce "any and all * * * logs" and memos referring thereto. At this juncture, no reason appears why production of the logs and associated memos will not satisfy the security company's obligation to produce evidence of relevant criminal activity. Also properly denied were the disclosure sanctions sought against defendants receiver and management company since, at this juncture, it does not appear that plaintiff was prejudiced by their failure to produce earlier the evidence they are apparently relying on relating to the condition of the elevator shortly after the incident. If it subsequently appears during further discovery of the elevator company that plaintiff has suffered prejudice, further application may be made to Supreme Court for appropriate relief. We have considered plaintiff's other arguments and find them unavailing. Concur—Ellerin, J. P., Lerner, Saxe, Buckley and Friedman, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. RICHARD F. BROWNE, Admitted in 1980, at a Term of the Appellate Division, Second Department. [722 NYS2d 857] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [See, 230 AD2d 366.]